IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

Case No.: 1:25-cv-00165

| | |
|---|---|
| DILLON RANDALL LEDFORD, <br><br> Plaintiff, <br><br> v. <br><br> TOWN OF SPRUCE PINE, KASEY COOK, in his individual and official capacity as Police Chief for the Spruce Pine Police Department, MICHAEL KEITH HOLLIFIELD, in his individual capacity, MICHAEL ETHAN SALE, in his individual capacity, and DALTON HUNTER MACE, in his individual capacity, <br><br> Defendants. | **AMENDED ANSWER OF DEFENDANTS TOWN OF SPRUCE PINE AND KASEY COOK** |

NOW COME Defendants Town of Spruce Pine and Kasey Cook, in his individual and official capacity as Police Chief for the Spruce Pine Police Department (hereinafter "Defendants" or "these Answering Defendants"), by and through counsel, pursuant to Rule 15 of the Federal Rules of Civil Procedure and within 30 days of filing their initial answer in this matter, amend their Answer by responding to Plaintiff's Complaint as follows:

**FIRST DEFENSE**

Defendants plead lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**SECOND DEFENSE**

Plaintiff's Complaint also fails to state any claim upon which relief can be granted and is subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**THIRD DEFENSE**

Defendants plead all applicable immunities to which they are entitled to by operation of law and in bar of Plaintiff's claims herein, including but not limited to, governmental immunity, qualified immunity and public officials' immunity.

**FOURTH DEFENSE**

In response to the individually numbered paragraphs of Plaintiff's Complaint, Answering Defendants say as follows:

The first two unnumbered paragraphs of Plaintiff's Complaint do not require response. To the extent they do, Defendants deny they are liable to Plaintiff under any statute law or theory.

**Introduction**

1. Admitted.

2. Denied as stated or for lack of information or belief.

3. Denied.

4. Denied.

5. Denied.

**Parties and Jurisdiction**

6. Denied for lack of information or belief.

7. Denied for lack of information or belief.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Denied as stated.

13. It is admitted that Cook is the duly appointed Police Chief for the Town. Except as admitted, denied as stated

14. Admitted.

15. The allegations of this paragraph constitute a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied as stated.

16. Denied as stated.

17. The allegations of this paragraph constitute a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied as stated.

18. The allegations of this paragraph constitute a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied as stated.

19. The allegations in this paragraph are not directed to these answering defendants and therefore no response is required.

20. The allegations in this paragraph are not directed to these answering defendants and therefore no response is required.

21. The allegations in this paragraph are not directed to these answering defendants and therefore no response is required.

22. It is admitted that defendant Cook is a sworn law enforcement officer and public official. The remaining allegations in this paragraph are not directed to these

answering defendants and therefore no response is required or are denied as stated.

23. It is admitted that defendant Cook is a public official. The remaining allegations in this paragraph are not directed to these answering defendants and therefore no response is required or are denied as stated.

24. Admitted as to defendant Cook. The remaining allegations in this paragraph are not directed to these answering defendants and therefore no response is required.

25. Admitted as to defendant Cook. The remaining allegations in this paragraph are not directed to these answering defendants and therefore no response is required.

26. Admitted as to defendant Cook. The remaining allegations in this paragraph are not directed to these answering defendants and therefore no response is required.

27. Denied.

28. This paragraph contains no allegations and, therefore, no response is required. To the extent a response is deemed necessary, denied.

29. The allegations of this paragraph constitute a legal conclusion for which no response is required.

30. Denied.

31. Denied.

## Factual Allegations

### Plaintiff Experiences a Medical Emergency on February 16, 2024

32. Denied for lack of information or belief.

33. Denied for lack of information or belief.

34. Denied for lack of information or belief.

35. Denied for lack of information or belief.

36. It is admitted that Plaintiff was driving a yellow 2004 Mini Cooper on February 26, 2024. Except as admitted, denied.

37. Denied for lack of information or belief.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Denied for lack of information or belief, including all subparts.

43. Denied for lack of information or belief, including all subparts.

44. It is admitted that Plaintiff sat in the vehicle for approximately 30 minutes. Except as admitted, denied for lack of information or belief.

45. Admitted.

46. Denied for lack of information or belief.

47. Denied for lack of information or belief.

48. Denied for lack of information or belief.

49. Admitted upon information and belief.

50. It is admitted that someone from Walmart called 911 regarding Plaintiff at approximately 9:00 p.m. to request a welfare check. Except as admitted, denied.

## Police Officers Come to the Scene

51. Admitted.

52. Denied for lack of information or belief.

53. Denied for lack of information or belief.

54. Admitted.

55. Admitted.

56. Admitted.

57. Admitted.

58. Admitted.

59. Admitted.

60. Denied for lack of information or belief.

61. Admitted upon information and belief.

62. Admitted.

63. Admitted.

64. Admitted.

65. Admitted.

66. Admitted.

67. Denied for lack of information or belief.

68. It is admitted that Sale attempted to communicate with Plaintiff. Except as

admitted, denied for lack of information or belief.

69. Denied for lack of information or belief.

70. Admitted.

71. Denied for lack of information or belief.

72. Denied for lack of information or belief.

73. Admitted.

74. Admitted.

75. Admitted.

76. Admitted upon information and belief.

77. Admitted.

78. It is admitted that Hollifield attempted to communicate with Plaintiff but he refused to respond. Except as admitted, denied as stated or for lack of information or belief.

79. Admitted

80. Admitted.

81. It is admitted that while Defendant Hollifield was in Walmart, Defendants Sale and Mace continued to attempt to communicate with Plaintiff but he refused to respond. Except as admitted, denied for lack of information or belief.

82. Denied.

83. Denied as stated.

84. Denied as stated.

85. Admitted upon information and belief.

86. Denied for lack of information or belief.

87. Admitted.

88. Admitted upon information or belief.

89. Denied for lack of information or belief.

90. Denied.

91. Denied.

92. Denied as stated.

93. Admitted.

**Defendant-Officers Use Excess Force on Plaintiff and Unlawfully Arrest Him**

94. Denied as stated or for lack of information or belief.

95. Admitted.

96. Admitted.

97. Denied as stated.

98. It is admitted that the officers told Plaintiff to place his hands behind his back. Except as admitted, denied as stated.

99. Denied as stated.

100. Denied as stated.

101. Admitted upon information or belief.

102. To the extent a response is required, denied as stated.

103. Denied as stated.

104. Denied as stated.

105. It is admitted that Plaintiff was placed in handcuffs. Except as admitted, denied as stated.

106. It is admitted that Plaintiff's vehicle was searched and no drugs, alcohol or weapons were found. Except as admitted, denied as stated.

107. Denied as stated.

108. Denied.

109.    Denied.

110.    Denied as stated.

111.    Denied for lack of information or belief.

112.    Denied.

113.    Denied.

114.    Denied for lack of information or belief.

115.    Denied for lack of information or belief.

116.    Denied.

117.    Admitted upon information and belief.

118.    Denied.

119.    Denied for lack of information or belief.

120.    This paragraph contains no allegations and, therefore, no response is required.

**Police Officers Take Plaintiff to Police Station, Not a Hospital**

121.    Admitted.

122.    Denied as stated.

123.    It is admitted that Plaintiff was given a pack of crackers and a drink.  Except as admitted, denied as stated or for lack of information or belief.

124.    Denied as stated.

125.    Admitted.

126.    Denied for lack of information or belief.

127.    Denied for lack of information or belief.

114.    [SIC] Denied.

115.    Denied for lack of information or belief.

**Plaintiff is Charged with Crimes; Charges Later Dismissed**

115.    Denied as stated.

116.    Admitted.

117.    Admitted.

118.    It is admitted that the charges were dismissed.  Except as admitted, denied for
        lack of information or belief.

119.    Denied for lack of information or belief.

120.    Denied.

121.    Denied for lack of information or belief.

122.    Denied.

123.    Denied.

124.    Denied for lack of information or belief.

125.    Denied as stated.

**Reputational Damage to Plaintiff**

126.    Denied.

127.    Denied for lack of information or belief.

128.    Denied for lack of information or belief.

129.    Denied as stated.

130.    Admitted

131.    Denied for lack of information or belief.

132.    Denied for lack of information or belief.

133.    Denied for lack of information or belief.

134.    Denied for lack of information or belief.

135.    Denied.

## Neither Defendant Spruce Pine Nor Defendant Cook Investigated or Disciplined the Defendant-Officers

136.    Admitted.

137.    Denied.

138.    The allegations in this paragraph constitute legal conclusions for which no response is required.

139.    Denied.

## Police Department Rules Are Inadequate and Outdated

140.    Admitted.

141.    Denied.

142.    Admitted.

143.    The Mission Statement is a written document which speaks for itself. To the extent the allegations of this paragraph contradict that written document, they are denied.

144.    The Mission Statement is a written document which speaks for itself. To the extent the allegations of this paragraph contradict that written document, they are denied.

145. The Rules is a written document which speaks for itself. To the extent the allegations of this paragraph contradict that written document, they are denied.

146. The Rules is a written document which speaks for itself. To the extent the allegations of this paragraph contradict that written document, they are denied.

147. The Rules is a written document which speaks for itself. To the extent the allegations of this paragraph contradict that written document, they are denied.

148. The Rules are a written document which speaks for itself. To the extent the allegations of this paragraph contradict that written document, they are denied.

149. The allegations in this paragraph constitute legal conclusions for which no response is required.

150. Denied.

151. Denied for lack of information or belief.

152. Denied for lack of information or belief.

153. Admitted.

154. Denied as stated.

155. Denied.

156. The allegations in this paragraph constitute legal conclusions for which no response is required.

## CAUSES OF ACTION

### CLAIMS AGAINST INDIVIDUAL DEFENDANTS
**COUNT ONE: Excessive Force Pursuant to 42 U.S.C. § 1983**
**(Striking by Defendant Sale)**

157. No response is required for this paragraph.

158-171.   The allegations of these paragraphs are not directed to these Answering Defendants and, therefore, no response is required.  To the extent a response is deemed necessary, denied.

## COUNT TWO:  Excessive Force Pursuant to 42 U.S.C. § 1983
### (Taser Use by Defendant Hollifield)

172.   No response is required for this paragraph.

173-184.   The allegations of these paragraphs are not directed to these Answering Defendants and, therefore, no response is required.  To the extent a response is deemed necessary, denied.

## COUNT THREE: Excessive Force Pursuant to 42 U.S.C. § 1983
### (Use of Force by Defendant Mace)

185.   No response is required for this paragraph.

186-198.   The allegations of these paragraphs are not directed to these Answering Defendants and, therefore, no response is required.  To the extent a response is deemed necessary, denied.

## COUNT FOUR:  Bystander Liability for Excessive Force Pursuant to 42 U.S.C. § 1983
### (Hollifield as bystander to the striking; Sale as bystander to the tasing; and Mace as bystander to both the striking and tasing)

199.   No response is required for this paragraph.

200-219.   The allegations of these paragraphs are not directed to these Answering Defendants and, therefore, no response is required.  To the extent a response is deemed necessary, denied.

## COUNT FIVE: Failure to Render Medical Aid Pursuant to 42 U.S.C. 1983
### (Defendants Hollifield, Sale, and Mace)

220.    No response is required for this paragraph.

221-232.    The allegations of these paragraphs are not directed to these Answering Defendants and, therefore, no response is required.  To the extent a response is deemed necessary, denied.

## COUNT SIX: Gross Negligence
### (Defendants Hollifield, Sale, and Mace)

233.    No response is required for this paragraph.

234-243.    The allegations of these paragraphs are not directed to these Answering Defendants and, therefore, no response is required.  To the extent a response is deemed necessary, denied.

## COUNT SEVEN: False Arrest Pursuant to 42 U.S.C. 1983 and State Law
### (Defendants Hollifield, Sale, and Mace)

244.    No response is required for this paragraph.

245-251.    The allegations of these paragraphs are not directed to these Answering Defendants and, therefore, no response is required.  To the extent a response is deemed necessary, denied.

## COUNT EIGHT:  Malicious Prosecution Pursuant to U.S.C. 1983 and State Law
### (Defendants Hollifield, Sale, and Mace)

252.    No response is required for this paragraph.

253-261.    The allegations of these paragraphs are not directed to these Answering Defendants and, therefore, no response is required.  To the extent a response is deemed necessary, denied.

## COUNT NINE: Battery

262.     No response is required for this paragraph.

263-267.   The allegations of these paragraphs are not directed to these Answering Defendants and, therefore, no response is required.  To the extent a response is deemed necessary, denied.

## COUNT TEN: Libel
### (Defendants Cook, Hollifield, Sale, and Mace)

268.     No response is required for this paragraph.

269-282.   The allegations of these paragraphs are not directed to these Answering Defendants and, therefore, no response is required.  To the extent a response is deemed necessary, denied.

## CLAIMS AGAINST TOWN OF SPRUCE PINE and DEFENDANT COOK

**COUNTY ELEVEN:  Lack of Policy (Taser) pursuant to 42 U.S.C. § 1983 and *Monell***
**(Defendant Spruce Pine and Defendant Cook)**

283.     No response is required for this paragraph.

284-88.     The allegations of this paragraph constitute a legal conclusion for which no response is required.  To the extent a response is deemed necessary, denied as stated.

289.   Admitted.

290.   The allegations of this paragraph constitute a legal conclusion for which no response is required.  To the extent a response is deemed necessary, denied as stated.

291.   Denied.

292.   The policy is a written document which speaks for itself.  To the extent the

allegations in this paragraph contradict the written document, they are denied.

293. The allegations of this paragraph constitute a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied as stated.

294. The allegations of this paragraph constitute a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied as stated.

295. Denied for lack of information or belief.

296. Denied for lack of information or belief.

297- 313. Denied.

**COUNT TWELVE: Insufficient Policy (Medical Aid) pursuant to
42 U.S.C. § 1983 and *Monell*
(Defendant Spruce Pine and Defendant Cook)**

314. No response is required for this paragraph.

315. The allegations of this paragraph constitute a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied as stated.

316. The Rules are a written document which speaks for itself. To the extent the allegations of this paragraph contradict that written document, they are denied.

317. Denied as stated.

318. Denied.

319. The Rules are a written document which speaks for itself. To the extent the allegations of this paragraph contradict that written document, they are denied.

320. Denied for lack of information or belief.

321. Denied.

322.   Denied.

323.   Denied.

324.   Denied.

325.   Denied.

326.   Denied.

327.   Denied.

328.   Denied as stated or for lack of information or belief.

329.   Denied.

330.   Denied.

**COUNT THIRTEEN: Insufficient Policy (Use of Force) pursuant
to 42 U.S.C. §1983 and *Monell*
(Defendant Spruce Pine and Defendant Cook)**

331.   No response is required for this paragraph.

332.   The Spruce Pine Rules and Regulations are written documents which speak for themselves.  To the extent the allegations of this paragraph contradict those written documents, they are denied.

333.   The Spruce Pine Rules and Regulations are written documents which speak for themselves.  To the extent the allegations of this paragraph contradict those written documents, they are denied.

334.   The Spruce Pine Rules and Regulations are written documents which speak for themselves.  To the extent the allegations of this paragraph contradict those written documents, they are denied.

335.   Denied as stated.

336.     The Spruce Pine Rules and Regulations are written documents which speak for themselves.  To the extent the allegations of this paragraph contradict those written documents, they are denied.

337.     The Spruce Pine Rules and Regulations are written documents which speak for themselves.  To the extent the allegations of this paragraph contradict those written documents, they are denied.

338.     Denied.

339.     Denied as stated or for lack of information or belief.

340.     Denied.

341.     Denied.

342.     Denied.

343.     Denied as stated.

344.     Denied.

345.     Denied.

346.     Denied.

347.     Denied.

348.     Denied.

**COUNT FOURTEEN: Inadequate Training and Supervision (Use of Force)
pursuant to 42 U.S.C. 1983 and Monell
(Defendant Spruce Pine and Defendant Cook)**

349.     No response is required for this paragraph.

350.     Admitted.

351.     Denied.

352.   Denied.

353.   Denied.

354.   Denied.

355.   Denied.

356.   Denied as stated.

357.   Denied as stated.

358.   Denied.

359.   Admitted.

360.   Denied.

361.   Denied as stated.

362.   Denied as stated.

363.   Admitted, except it is specifically denied that Plaintiff was treated unlawfully.

364.   Denied.

365.   Denied.

366.   Admitted.

367.   Denied.

368.   Denied.

369.   Denied.

370.   Denied.

371.   Denied.

372.   Denied as stated.

373.   Denied.

374.   Denied.

375. Denied.

376. Denied.

377. Denied.

378. Denied.

**COUNT FIFTEEN: Inadequate Training and Supervision (Taser) pursuant to
42 U.S.C. §1983 and *Monell*
(Defendant Spruce Pine and Defendant Cook)**

379. No response is required for this paragraph.

380. Admitted.

381. Denied.

382. Denied.

383. Denied.

384. Denied.

385. Denied as stated.

386. Denied.

387. Denied.

388. Denied as stated.

389. Admitted.

390. Denied.

391. Denied as stated.

392. Denied.

393. Admitted, except it is specifically denied that Plaintiff was treated unlawfully.

394. Denied.

395.    Denied.

396.    Denied.

397.    Denied.

398.    Denied as stated.

399.    Denied as stated.

400.    Denied.

401.    Denied.

402.    Denied.

403.    Denied.

404.    Denied.

**COUNT SIXTEEN: Inadequate Training and Supervision (Rendering Medical Aid)
pursuant to 42 U.S.C. 1983 and *Monell*
(Defendant Spruce Pine and Defendant Cook)**

405.    No response is required for this paragraph.

406.    Admitted.

407.    Denied.

408.    Denied.

409.    Denied as stated.

410.    Denied as stated except that the training records speak for themselves.

411.    Denied as stated except that the training records speak for themselves.

412.    Denied.

413.    Denied as stated.

414.    Denied.

415.    Admitted.

416.    Denied.

417.    Denied as stated.

418.    Denied.

419.    Admitted, except is it specifically denied that Plaintiff was treated unlawfully.

420.    Denied.

421.    Denied.

422.    Denied

423.    Denied.

424.    Denied.

425.    Denied.

426.    Denied.

427.    Denied.

### COUNT SEVENTEEN: Punitive Damages
### (Defendants Cook, Hollifield, Sale and Mace)

428.    No response is required for this paragraph.

429.    Denied.

430.    Denied.

431.    Denied.

The remaining allegations of Plaintiff's Complaint, not specifically admitted herein, including Plaintiff's prayer for relief, are denied.

## FIFTH DEFENSE

These Answering Defendants allege that at all times relevant to this action, they were acting without malice and with a good faith belief that its duties were carried out in accordance with the Laws and the Constitution of the United States and the State of North Carolina.

## SIXTH DEFENSE

These Answering Defendants have complied in good faith with all applicable laws and regulations and having so complied, any injury accruing to Plaintiff, the existence of which is specifically denied, is not actionable.

## SEVENTH DEFENSE

These Answering Defendants did not engage in, promote or further any policy or practice which deprived Mr. Ledford of any rights secured by the Constitution or laws of this land.

## EIGHTH DEFENSE

Plaintiff's claims for damages are barred, reduced, and/or limited pursuant to applicable statutory provisions and common law doctrines regarding limitations on awards, caps on damages, laches and setoffs.

## NINTH DEFENSE

These Answering Defendants plead all defenses, immunities and limits set out in N.C. Gen. Stat. §1D et. Seq. in bar of or in limitation of plaintiff's right to recover punitive damages.

## TENTH DEFENSE

These Answering Defendants allege any claim for punitive damages is unconstitutional, violative of the 4th and 14th Amendments to the United States Constitution and the Law of the Land Clause of the North Carolina Constitution.

## ELEVENTH DEFENSE
### (Lack of Damages)

Upon information and belief, Plaintiff has not incurred any damages as a result of the alleged but denied conduct of these Answering Defendants.

## TWELFTH DEFENSE
### (Contributory Negligence)

Should it be determined that these Answering Defendants were negligent or that they breached any duty owed to Plaintiff or is, otherwise, liable to Plaintiff, which is again explicitly denied, then and in that event, these Answering Defendants contend that Plaintiff was himself negligent in that he knew or should have known that his blood sugar was low when he left his girlfriend's house and should not have been driving and, additionally, after arriving at Walmart, he should have purchased something to eat or drink to bring up his blood sugar levels. Plaintiff's own negligence was a proximate cause of any injury or damages sustained by Plaintiff and, therefore, Plaintiff's claims are barred under the doctrine of contributory negligence.

## THIRTEENTH DEFENSE

These Answering Defendants reserve the right to plead additional affirmative defense as may be revealed during disclosure and/or discovery proceedings in this matter.

WHEREFORE, Answering Defendants, having fully responded to Plaintiff's Complaint, pray unto the Court as follows:

1.      That Plaintiff have and recover nothing of these Answering Defendants and that Plaintiff's Complaint be dismissed with prejudice;

2.      That the costs of this action be taxed against the Plaintiff;

3.      That they have a trial by jury on all issues so triable; and

4.      For such other and further relief as this Court deems just and proper.

This the 6th day of October, 2025.

CRANFILL SUMNER LLP

BY: /s/ *Patrick H. Flanagan*
Patrick H. Flanagan, NC Bar #17407
Attorney for Defendants Town of Spruce
Pine and Kasey Cook
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
phf@cshlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2025, I electronically filed the foregoing *AMENDED ANSWER OF DEFENDANTS TOWN OF SPRUCE PINE AND KASEY COOK* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

David A. Wijewickrama
**Law Office of David A. Wijewickrama, PLLC**
davidwije17@yahoo.com
*Attorney for Plaintiff*

Susan H. Boyles
Whitney R. Pakalka
**Kilpatrick Townsend & Stockton, LLP**
sboyles@ktslaw.com
wpakalka@ktslaw.com
*Attorney for Plaintiff*

Sean Perrin
**Womble Bond Dickinson (US) LLP**
301 S. College Street, Suite 3500
Charlotte, NC 28202-6050
Sean.Perrin@wbd-us.com
*Attorney for Defendants Michael Keith Hollifield, Michael Ethan Sale and Dalton Hunter Mace*

CRANFILL SUMNER LLP

BY:     /s/ *Patrick H. Flanagan*
Patrick H. Flanagan, NC Bar #17407
Attorney for Defendants Town of Spruce
Pine and Kasey Cook
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
phf@cshlaw.com